IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RAYMUNDO DUNTON,** | Case No. 1:16-cv-01740-MJS (HC) |
| Petitioner, | **ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY** |
| v. | |
| **RAYMOND MADDEN, Warden** | **(ECF No. 8)** |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Raymond Madden, warden of Centinela State Prison, is hereby substituted as the proper named respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. Respondent is represented by Barton Elwell Bowers of the Office of the Attorney General for the State of California. Both parties have consented to Magistrate Judge jurisdiction. (ECF Nos. 7, 11.)

**I.    Background**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Madera, upon pleading guilty on April 26, 2014 to assault with a deadly weapon. (See Lodged Doc. 1.)

1

| | |
|---|---|
| 1 | On June 11, 2004, Petitioner was sentenced to an indeterminate state prison term of |
| 2 | twenty-five (25) years to life. (Id.) |

On June 11, 2004, Petitioner was sentenced to an indeterminate state prison term of twenty-five (25) years to life. (Id.)

On February 7, 2005, the California Court of Appeal, Fifth Appellate District, affirmed the judgment. (Lodged Doc. 2.) Review was denied by the California Supreme Court on April 13, 2005. (Lodged Docs. 3-4.)

Petitioner, through counsel,[1] proceeded to file four petitions for writ of habeas corpus in the California state courts as follows:

1. <u>Madera County Superior Court</u>
   Filed: July 13, 2015;
   Denied: July 15, 2015;

2. <u>California Court of Appeal, Fifth Appellate District</u>
   Filed: August 6, 2015;
   Denied: August 20, 2015;

3. <u>California Court of Appeal, Fifth Appellate District</u>
   Filed: August 31, 2015;
   Denied: November 5, 2015;

4. <u>California Supreme Court</u>
   Filed: January 26, 2016;
   Denied: April 20, 2016.

(Lodged Docs. 5-11.)

On November 17, 2016, Petitioner filed the instant federal Petition for Writ of Habeas Corpus in this Court.[2] On January 20, 2017, Respondent filed a Motion to Dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d). (Mot. to Dismiss, ECF No. 8.) Petitioner filed an opposition on April 5, 2017. (ECF No. 14.) Respondent replied on April 14, 2017. (ECF No. 15.) The matter stands ready for adjudication.

---

[1] Because Petitioner was represented by counsel, the mailbox rule does not apply. See Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (to benefit from the mailbox rule a petitioner must be a prisoner acting without the assistance of counsel).

[2] The petition and attached certificate of service are undated. Thus, the mailbox rule cannot be applied.

## II. Discussion

### A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of the one-year limitations period. 28 U.S.C. § 2244(d)(1). Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

### B. Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

In this case, the petition was filed on November 17, 2016 and is subject to the provisions of AEDPA. AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2244(d)(1)(A), the limitations period begins running on the date that the petitioner's direct review became final or the date of the expiration of the time for seeking such review. In this case, the California Supreme Court denied review on April 13, 2005. The state appeal process became final ninety days later, on July 12, 2005, when the time for seeking certiorari with the United States Supreme Court expired. U.S. Supreme Court rule 13; Bowen v. Rowe, 188 F.3d 1157 (9th Cir. 1999). The AEDPA statute of limitations began to run the following day, on July 13, 2005. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

Petitioner had one year from July 13, 2005, absent applicable tolling, in which to

4

1 file his federal petition for writ of habeas corpus. However, Petitioner delayed in filing the instant petition until November 17, 2016, more than ten years after the statute of limitations period expired. Absent the later commencement of the statute of limitations or any applicable tolling, the instant petition is barred by the statute of limitations.

**C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

Here, Plaintiff did not file a state habeas corpus petition until July 13, 2015, nine years after the limitations period expired. Petitions filed after the expiration of the limitations period do not toll the statute of limitations under § 2244(d)(2). Ferguson v. Palmer, 321 F.3d 820, 823 (9th Cir. 2003); Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Furthermore, the Madera County Superior Court denied Petitioner's first state petition as "untimely." Thus, the petition does not satisfy the requirements for statutory tolling. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006).

**D. Later Accrual of the Limitation Period Under 28 U.S.C. § 2244(d)(1)(c)**

To the extent Petitioner may argue for a later trigger of the statute of limitations under 28 U.S.C. § 2244(d)(1)(c), based the California Supreme Court's decision in People v. Vargas, 59 Cal. 4th 635, 640 (Cal. 2014), the Court notes the following.

28 U.S.C. § 2244(d)(1)(c) states that the limitations date can be extended until "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." However, Vargas involved state statutory issues that were resolved by a state supreme court. It therefore is not applicable to the 28 U.S.C. § 2244(d)(1)(c) analysis. See 28 U.S.C. § 2244(d)(1)(c); see also Buckner v. Arnold, No. CV 15-9849-VAP (JEM), 2016 WL 3690098, at *3 (C.D. Cal. Apr. 27, 2016), report and recommendation adopted, 2016 WL 3678982 (C.D. Cal. July 9, 2016). Petitioner's reliance on Vargas is therefore unavailing. The commencement of the limitations period remains July 13, 2005.

**E. Equitable Tolling**

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 130 S. Ct. 2549, 2560-62 (2010); quoting Pace v. DiGuglielmo. Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir. 1993).

In his opposition, Petitioner argues that Vargas constitutes an extraordinary circumstance that should equitably toll the statute of limitations in this action. However, the Ninth Circuit has expressly held that equitable tolling is not triggered by a state court decision clarifying issues of state law. Shannon v. Newland, 410 F.3d 1083, 1089-90 (9th Cir. 2005)). Other courts have relied on this precedent to reject similar arguments regarding the effect of Vargas. See Torres v. Johnson, CV 15–2957–MWF (RNB), 2015 WL 502524, at *4 (C.D. Cal. June 1, 2015) (citing Shannon, 410 F.3d at 1089-90). The

1 Court concludes that the change in law rendered by Vargas does not constitute an extraordinary circumstance that would warrant equitable tolling.

**III.     Certificate of Appealability**

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)     (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, jurists of reason would not find debatable whether the petition was properly dismissed with prejudice as time-barred under 28 U.S.C. § 2244(d)(1). Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**IV.     Conclusion and Order**

As explained above, Petitioner failed to file the instant petition within the one year limitations period required by 28 U.S.C. § 2244(d). Petitioner is not entitled to the benefit of statutory or equitable tolling. Based on the foregoing, it is HEREBY ORDERED that:

1. The motion to dismiss is GRANTED;
2. The petition for writ of habeas corpus is dismissed with prejudice as untimely; and
3. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   April 20, 2017         /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE